```
 1  IRELL & MANELLA LLP
    Bruce A. Wessel (SBN 116734)
 2  Andra Barmash Greene (SBN 123931)
    Elliot Brown (SBN 150802)
 3  Laura W. Brill (SBN 195889)
    David C. Codell (SBN 200965)
 4  Robert N. Klieger (SBN 192962)
    1800 Avenue of the Stars, Suite 900
 5  Los Angeles, California 90067-4276
    Telephone:  (310) 277-1010
 6  Facsimile:  (310) 203-7199

 7  LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
    Jon W. Davidson (SBN 89301)
 8  Myron Dean Quon (SBN 166076)
    6030 Wilshire Boulevard, Suite 200
 9  Los Angeles, California 90036
    Telephone:  (323) 937-2728
10  Facsimile:  (323) 937-0601

11  PEOPLE FOR THE AMERICAN WAY FOUNDATION
    Elliot M. Mincberg (admitted pro hac vice)
12  Judith E. Schaeffer (admitted pro hac vice)
    2000 M Street, N.W., Suite 400
13  Washington, DC 20036
    Telephone:  (202) 467-4999
14  Facsimile:  (202) 293-2672

15  Attorneys for Plaintiffs

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19                   SOUTHERN DIVISION

20  ANTHONY COLIN, by and through   )  Case No. SA CV 99-1461 DOC(ANx)
    his mother and guardian, JESSIE )
21  COLIN; HEATHER ZETIN, by and    )  FIRST AMENDED COMPLAINT FOR
    through her mother and          )  VIOLATIONS OF THE FEDERAL EQUAL
22  guardian, JUDY ANDERSON; and    )  ACCESS ACT, 20 U.S.C. §§ 4071-
    GAY-STRAIGHT ALLIANCE CLUB OF   )  4074; THE CIVIL RIGHTS ACT OF
23  EL MODENA HIGH SCHOOL, an       )  1871, 42 U.S.C. § 1983; AND THE
    unincorporated association,     )  DUE PROCESS AND EQUAL
24                                  )  PROTECTION CLAUSES OF THE
              Plaintiffs,           )  FOURTEENTH AMENDMENT TO THE
25                                  )  UNITED STATES CONSTITUTION; AND
         v.                         )  FOR DECLARATORY RELIEF PURSUANT
26                                  )  TO 28 U.S.C. §§ 2201-2202
    ORANGE UNIFIED SCHOOL DISTRICT; )
27  ORANGE UNIFIED SCHOOL DISTRICT  )
    BOARD OF EDUCATION; LINDA       )
28  DAVIS, in her official capacity )
    as President of the Orange      )
```



223059

| | |
|---|---|
| Unified School District Board of Education; MARTIN JACOBSON, in his official capacity as Vice President of the Orange Unified School District Board of Education; KATHY WARD, in her official capacity as Member and Clerk of the Orange Unified School District Board of Education; and MAUREEN ASCHOFF, WILLIAM LEWIS, TERRI SARGEANT, and ROBERT VIVIANO, in their official capacities as Members of the Orange Unified School District Board of Education; BARBARA VAN OTTERLOO, in her official capacity as Superintendent of the Orange Unified School District; and NANCY MURRAY, in her official capacity as Principal of El Modena High School, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiffs Anthony Colin, by and through his mother and guardian, Jessie Colin; Heather Zetin, by and through her mother and guardian, Judy Anderson; and Gay-Straight Alliance Club of El Modena High School allege as follows:

JURISDICTION AND PRELIMINARY STATEMENT

1.  This action is based on, and seeks to redress violations of, the federal Equal Access Act, 20 U.S.C. §§ 4071-4074, the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, and the Fourteenth Amendment to the United States Constitution. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under the Constitution and laws of the United States. In addition, declaratory relief is appropriate in this Court pursuant to 28 U.S.C. §§ 2201-2202.

223059

2. The plaintiffs seek a declaration that defendants' discrimination against plaintiffs and denial to them of equal access and a fair opportunity to meet on El Modena High School premises during noninstructional time on the basis of the content of the speech of the Gay-Straight Alliance Club of El Modena High School and the speech of its members violate the Equal Access Act, the Civil Rights Act of 1871, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and that plaintiffs are entitled to have access to school facilities for the purpose of conducting meetings and other purposes on a basis equal to that accorded other student groups. The plaintiffs further seek an injunction restraining and enjoining defendants from directly or indirectly preventing the plaintiffs from meeting on the premises of El Modena High School during noninstructional time, and from directly or indirectly denying plaintiffs access to or use of the facilities at the El Modena High School on a basis equal to that accorded other student groups. The plaintiffs also seek costs and attorneys' fees.

## VENUE

3. On information and belief, all of the parties reside in Orange County, California and within the Southern Division of this Judicial District. Furthermore, all or substantially all of the events that give rise to the claims in this action occurred in the Southern Division of this Judicial District. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and in this Division pursuant to General Order 349.

PARTIES

4. Plaintiff Anthony Colin, a minor, is a natural person residing in Orange, California. He appears by and through his mother and guardian, Jessie Colin, a natural person residing in Orange, California. Anthony is a tenth-grade student at El Modena High School and the founding member of the Gay-Straight Alliance Club of El Modena High School ("GSAC").

5. Plaintiff Heather Zetin, a minor, is a natural person residing in Orange, California. She appears by and through her mother and guardian, Judy Anderson, a natural person residing in Orange, California. Heather is an eleventh-grade student at El Modena High School and a member of the GSAC.

6. Plaintiff Gay-Straight Alliance Club of El Modena High School is an unincorporated association of students enrolled at El Modena High School, a public secondary school located in Orange, California and within the Orange Unified School District.

7. Defendant Orange Unified School District ("District") is a public body corporate and politic in Orange, California, responsible for maintaining public schools serving grades kindergarten through twelve.

8. Defendant Orange Unified School District Board of Education ("Board") is the governing board of the Orange Unified School District in Orange, California.

9. Defendant Linda Davis is a natural person who resides, upon information and belief, in Villa Park, California. Defendant Davis is President of the Board and was acting under color of state law at all times relevant to this complaint. Defendant Davis is sued in her official capacity.

- 4 -

    10.  Defendant Martin Jacobson is a natural person who resides, upon information and belief, in Anaheim Hills, California. Defendant Jacobson is Vice President of the Board and was acting under color of state law at all times relevant to this complaint. Defendant Jacobson is sued in his official capacity.

    11.  Defendant Kathy Ward is a natural person who resides, upon information and belief, in Orange, California. Defendant Ward is a Member and Clerk of the Board and was acting under color of state law at all times relevant to this complaint. Defendant Ward is sued in her official capacity.

    12.  Defendants Maureen Aschoff, William Lewis, Terri Sargeant, and Robert Viviano are natural persons who reside, upon information and belief, in Orange, California. Defendants Aschoff, Lewis, Sargeant, and Viviano are Members of the Board, were acting under color of state law at all times relevant to this complaint, and are sued in their official capacities.

    13.  Defendant Barbara Van Otterloo is a natural person who resides, upon information and belief, in Orange County, California. Defendant Van Otterloo is Superintendent of the Orange Unified School District and was acting under color of state law at all times relevant to this complaint. Defendant Van Otterloo is sued in her official capacity.

    14.  Defendant Nancy Murray is a natural person who resides, upon information and belief, in Orange County, California. Defendant Murray is Principal of El Modena High School and was acting under color of state law at all times relevant to this complaint. Defendant Murray is sued in her official capacity.

GENERAL ALLEGATIONS

15. Plaintiff Anthony Colin ("Anthony") is fifteen years old and is a tenth-grade student at El Modena High School.

16. Plaintiff Heather Zetin ("Heather") is sixteen years old and is an eleventh-grade student at El Modena High School.

17. On information and belief, El Modena High School receives federal financial assistance.

18. It is the official policy of the Orange Unified School District that student groups are entitled to meet on school premises in accordance with the federal Equal Access Act, 20 U.S.C. §§ 4071-4074. Board Policy 6145.5(a) states: "Since the district allows schools to sponsor student groups not directly tied to the curriculum, student-initiated groups not sponsored by the school or district have the right to meet on school premises during times established for a limited open forum in accordance with provisions of the federal Equal Access Act, Board policies and administrative regulations." Board Policy 6145.5(a) further provides: "The [Orange Unified School District] Board [of Education] shall not discriminate or deny access to any student initiated group on the basis of religious, political, philosophical or any other content to be addressed at such meetings."

19. El Modena High School recognizes at least thirty-eight noncurricular and curricular student groups, including, without limitation, the following student groups, which, on information and belief, are noncurricular: Christian Club; Juggling Club; Gentlemen's Club; Girls' League; Asian Club; Black Student Union;

- 6 -

MECHA (Movimiento Estudiantil Chicano Aztlan); Eighties Club; Mountain Bike Club; Red Cross/Key Club; and Ski Club.

20. El Modena High School's student-initiated groups are permitted to meet on school premises during non-instructional time and enjoy numerous privileges. For example, on information and belief, these student groups take field trips, hold fundraisers, appear in the school yearbook, and use school facilities to inform other students of their activities.

21. In late August or early September 1999, shortly before the first day of the 1999-2000 school year, plaintiff Anthony Colin decided to start a noncurricular student group designed to promote peace, unity, and respect among gay and straight (i.e., heterosexual) students at El Modena High School. Anthony spoke with Mr. James Veit, the teacher in charge of student activities at El Modena High School, about how to organize such a student group on campus. Mr. Veit informed Anthony of various school procedures that Anthony would have to follow in order to form a new student group, including finding a faculty advisor and writing a club constitution.

22. During or about the week of August 30, 1999, Anthony prepared an application for recognition of the Gay-Straight Alliance Club of El Modena High School. He wrote a club constitution, which included the name of the student group, its purpose of promoting interest in "a supportive community" among peers, and other information required under El Modena High School's written policies regarding procedures for obtaining authorization for a new student-initiated group to meet on campus.

23. In conjunction with the club constitution, Anthony also submitted a "Mission Statement" for the GSAC, which stated:

> "Public schools have an obligation to provide an equal opportunity for all students to receive an education in a safe, nonhostile, nondiscriminatory environment. Our goal in this organization is to raise public awareness and promote tolerance by providing a safe forum for discussion of issues related to sexual orientation and homophobia. We wish to stress the need for people to put aside their personal prejudices and agree to treat everyone with respect when the situation calls for it. We invite ALL students, gay or straight, to join us in discussions, field trips, lectures, and social activities that will counterattack unfair treatment and prejudice. We respect privacy and require NO one to make disclosures regarding his or her own sexual orientation.
>
> "This is not a sexual issue, it is about gaining support and promoting tolerance and respect for all students."

24. In early September 1999, during or about the first week of the school year, Anthony asked Mrs. Maryina Herde, a drama and English teacher at El Modena High School, to serve as the faculty advisor to the GSAC. Mrs. Herde agreed to serve as the GSAC's faculty advisor.

25. In early September 1999, during or about the first week of the school year, Anthony submitted to Mr. Veit the completed application for recognition of the GSAC as a student club at El

1 Modena High School. Mr. Veit looked over the application, told
2 Anthony that the form had been completed properly, and indicated
3 that he would pass the application on to the Principal, defendant
4 Nancy Murray, for approval.

5     26. Shortly thereafter, plaintiff Heather Zetin joined
6 Anthony in planning for the GSAC's future. The students' plans
7 for the GSAC include discussing issues of tolerance,
8 participating in charitable causes such as the AIDS Walk and
9 Breast Cancer Walk, and attending plays or other performances
10 promoting tolerance among gay and straight people.

11     27. On or about the first week of October 1999, El Modena
12 High School held a "Club Rush," a one-day informational fair
13 about student groups that took place in the school quad. Various
14 student groups, including new groups, set up tables at the "Club
15 Rush" underneath banners their members designed. The mission
16 statements of the participating student groups were available for
17 review, and students were given the opportunity to sign up to
18 join the student groups that were represented. El Modena High
19 School promoted the "Club Rush" through posters and public
20 address system announcements.

21     28. On or about the day before "Club Rush," and again on
22 the day of "Club Rush," Anthony asked Mr. Veit whether the GSAC
23 could set up a table at the event. Mr. Veit indicated that
24 Anthony should speak with defendant Murray. When Anthony spoke
25 with defendant Murray on the day of "Club Rush," she told him
26 that she had passed the GSAC application along to the Orange
27 Unified School District Board of Education and that she would
28 talk to Anthony the following week. The GSAC was denied

1 permission to set up a table at "Club Rush." Beginning at least
2 at that time, and through the present, the GSAC has been
3 discriminated against and has been prevented from meeting at the
4 high school on the same terms as other student groups. Indeed,
5 the GSAC has not been permitted to meet on the premises of the
6 high school at all.

7     29. During or about the second week of October 1999,
8 Anthony approached defendant Murray on campus to inquire about
9 the status of his application concerning the GSAC. Defendant
10 Murray told him that she was too busy to speak with him and that
11 she would get back in touch with him.

12     30. Defendant Murray met with Anthony during or about the
13 third week of October 1999. During that meeting defendant Murray
14 indicated that the Board had problems with the GSAC meeting on
15 campus and with the name of the GSAC.

16     31. At a meeting on October 7, 1999, the Board decided to
17 hold a public forum on the GSAC's application. The Board held
18 the public forum on November 9, 1999. Hundreds of people
19 attended, including Anthony and Heather. Two microphones were
20 set up at the forum: one for speakers in favor of approving the
21 GSAC application, another for speakers opposed to approving the
22 GSAC application. Some speakers opposing the GSAC application
23 made negative remarks about gays and lesbians.

24     32. Rather than decide upon the application at the
25 November 9, 1999 public forum, the Board scheduled a vote on the
26 GSAC application for November 18, 1999.

27     33. On November 18, 1999, the Board held a meeting that
28 included the GSAC application on its agenda. Heather spoke at

the meeting and explained to the Board that the main purposes of the GSAC are to promote tolerance and to provide students with a forum to talk. She also explained to the Board that she believes in sexual abstinence and that the GSAC's purpose is not to discuss sex. She further explained to the Board that she has seen other students experience harassment at El Modena High School based on their sexual orientation and that the GSAC is necessary at El Modena High School because of this type of harassment.

34. Rather than vote on the GSAC application at the November 18, 1999 meeting, the Board decided to postpone until December 7, 1999 a vote on the GSAC application. By letter from counsel faxed to defendant Murray on November 19, 1999, the GSAC again specifically requested that it be permitted to meet on the premises of El Modena High School. The Board, responding through counsel on November 22, continued not to grant the GSAC permission to meet on campus.

35. At the December 7, 1999 Board meeting, the Board officially rejected the GSAC application. After twenty minutes of public comment, Defendant Kathy Ward, Member and Clerk of the Board, moved (a) "that the Board deny the application of the Gay Straight Alliance," and (b) that consideration of any subsequent application by plaintiffs for a "tolerance club" be conditioned on the club having "an appropriate name and a mission statement which clearly states that sex, sexuality, sex education, and other subjects regulated by the Education Code will not be the subject of discussion at club meetings." The Board voted unanimously in favor of defendant Ward's motion and thus to deny

the GSAC permission to meet on campus, as well as to have access to school facilities on the same basis as other student groups.

36. On or about December 16, 1999, defendants Murray and Superintendent Van Otterloo arranged for Anthony, Heather, and three other students to be pulled from their classes for a meeting in defendant Murray's office. During the meeting, defendants Murray and Van Otterloo made it clear that the only circumstances under which Anthony and Heather could reapply to form a student group promoting tolerance would be if the group's name were changed to remove the words "Gay" and "Straight," topics related to sexual orientation were excluded from the group's mission statement, and the students promised not to discuss sex, sexuality, or sexual orientation at group meetings.

37. To date, Anthony has collected the names of more than fifty El Modena High School students who have expressed an interest in joining the GSAC and participating in its meetings and other activities.

38. The procedures that were followed by defendants with respect to the GSAC application are highly unusual. The written policy governing the "El Modena High School Procedure For Forming A New Club" instructs applicants to obtain approval from the El Modena High School Administration. Notwithstanding this written school policy that approval should be obtained from the El Modena High School Administration, defendant Murray refused to permit the GSAC to meet and instead referred the issue to the Board, which repeatedly delayed formal action on the GSAC application and then formally voted on December 7, 1999 to reject the GSAC application. Although Anthony submitted the GSAC application at

the beginning of the school year, defendants, by their delay and eventual formal rejection of the application, have denied plaintiffs the right for the GSAC to meet on campus for most of the first semester of the 1999-2000 school year.

39. By virtue of the unusual procedures followed by all defendants with respect to the GSAC application and the refusal of all defendants to grant the GSAC official club status and to permit it to meet on campus, defendants have discriminated against the plaintiffs, treating them unequally from other student groups at El Modena High School and from other El Modena High School students, and defendants have denied plaintiffs equal access to, and a fair opportunity to meet on, the premises of El Modena High School during noninstructional time.

40. On information and belief, the defendants are aware that they have treated the GSAC application differently from the manner in which other clubs' applications have been treated. According to an article published on October 27, 1999 in the Orange County Register ("Register"), Orange Unified School District spokeswoman Judy Frutig told the Register that the Board "normally doesn't hold hearings on clubs but decided to take a closer look at the gay-straight club because it would be a first for the district." According to a Register article dated October 14, 1999, defendant Murray told the Register that the GSAC "is the first club in the school that has raised an emotional concern. The only other club that had to be brought for board approval was a skating club that raised safety concerns." According to a November 18, 1999 Register article, defendant Board Member Bill Lewis stated: "There are some issues that are

morally wrong," and "[t]he Bible says we're all sinners, but this, in my opinion, is asking us to legitimize a sin."

41. On information and belief, defendants are aware that the law requires them to grant the GSAC access to school facilities on a basis equal to that accorded other student groups. According to the above-mentioned November 18, 1999 Register article, then-Board Member (now Board President) Linda Davis said to the Register: "We know the law is on their side, but our community members don't want it."

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### Violation Of Equal Access Act, 20 U.S.C. §§ 4071-4074, And Violation Of 42 U.S.C. § 1983 Through Violation Of Equal Access Act

42. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 above, and incorporate those allegations herein by this reference.

43. All defendants have violated the Equal Access Act, 20 U.S.C. §§ 4071-4074, in that:

    a. El Modena High School is a public secondary school that receives federal financial assistance;

    b. El Modena High School has a limited open forum in that it grants an offering to or opportunity for one or more noncurriculum related student groups to meet on school premises during noninstructional time; and

    c. defendants have discriminated against plaintiffs, denied equal access to plaintiffs, and refused to offer plaintiffs a fair opportunity to conduct meetings within El

Modena High School's limited open forum on the basis of the religious, political, philosophical, or other content of the speech at such meetings.

44. The conduct of defendants Davis, Jacobson, Ward, Aschoff, Lewis, Sargeant, Viviano, Van Otterloo, and Murray (collectively, the "School District Officials"), acting under color of state law and as set forth in paragraphs 1-41 above, in addition to violating the Equal Access Act, 20 U.S.C. §§ 4071-4074, also violates 42 U.S.C. § 1983 and has deprived plaintiffs of the rights, privileges, or immunities secured by the Equal Access Act in that the School District Officials have discriminated against plaintiffs, denied equal access to plaintiffs, and refused to offer plaintiffs a fair opportunity to conduct meetings within El Modena High School's limited open forum on the basis of the religious, political, philosophical, or other content of the speech at such meetings.

SECOND CLAIM FOR RELIEF AGAINST SCHOOL DISTRICT OFFICIALS

<u>Violation Of 42 U.S.C. § 1983 Through Violation Of The Rights Of Expression And Association Protected By The Due Process Clause of The Fourteenth Amendment</u>

45. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 above, and incorporate those allegations herein by this reference.

46. The School District Officials, acting under color of state law and in violation of 42 U.S.C. § 1983, have deprived plaintiffs of the rights, privileges, or immunities secured by the First Amendment to the United States Constitution, made

applicable to the States through the Due Process Clause of the Fourteenth Amendment, in that:

    a. plaintiffs' expression and association activities are constitutionally protected under the First Amendment, made applicable to the States through the Due Process Clause of the Fourteenth Amendment;

    b. El Modena High School has a designated public forum for student groups to meet on school premises during noninstructional time and to use school facilities for communicating about those groups' activities; and

    c. the School District Officials have deprived plaintiffs of their rights to engage in constitutionally protected expression and association activities by preventing the GSAC from meeting in the existing designated public forum and from using school facilities, based on the content of speech the School District Officials purport to anticipate at GSAC meetings and/or the viewpoints the School District Officials expect to be expressed at such meetings.

### THIRD CLAIM FOR RELIEF AGAINST SCHOOL DISTRICT OFFICIALS
### Violation Of 42 U.S.C. § 1983 Through Violation Of The Equal Protection Clause Of The Fourteenth Amendment

47. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 above, and incorporate those allegations herein by this reference.

48. The School District Officials, acting under color of state law and in violation of 42 U.S.C. § 1983, have deprived plaintiffs of the rights, privileges, or immunities secured by the Equal Protection Clause of the Fourteenth Amendment of the